1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    MARCELL WILLIAMS,                                Case No.  2:20-cv-00639-RFB-BNW

4                                   Plaintiff         **ORDER**

5         v.

6    WARDEN OF SOUTHERN DESERT
     CORRECTIONAL CENTER, *et al.*,
7
                                 Defendants
8

9

10

11          On April 3, 2020, Plaintiff, who is a prisoner in the custody of the Nevada

12   Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42

13   U.S.C. § 1983, together with an incomplete application to proceed *in forma pauperis*, a

14   motion for preliminary injunction, and a temporary restraining order (ECF Nos. 1, 2).

15          On June 5, 2020, this Court issued an order denying the Plaintiff's application to

16   proceed *in forma pauperis*, without prejudice, because the application was incomplete.

17   (ECF No. 28 at 10-11).  The Court ordered Plaintiff to file a fully complete application to

18   proceed *in forma pauperis* or pay the full filing fee of $400 within 60 days from the date

19   of that order.  (*Id.* at 10).  The 60-day period has now expired, and Plaintiff has not filed

20   another application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise

21   responded to the Court's order with respect to an application to proceed *in forma*

22   *pauperis*.

23          District courts have the inherent power to control their dockets and "[i]n the

24   exercise of that power, they may impose sanctions including, where appropriate . . .

25   dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831

26   (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure

27   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

28   See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

1   noncompliance with local rule);  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

2   1992)  (affirming dismissal for failure to comply with an order requiring amendment of

3   complaint);  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal

4   for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

5   address);  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

6   dismissal for failure to comply with court order);  Henderson v. Duncan, 779 F.2d 1421,

7   1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with

8   local rules).

9          In determining whether to dismiss an action for lack of prosecution, failure to obey

10   a court order, or failure to comply with local rules, the court must consider several factors:

11   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

12   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

13   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

14   See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at

15   130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

16          Here, the Court finds that the first two factors, the public's interest in expeditiously

17   resolving this litigation and the Court's interest in managing the docket, weigh in favor of

18   dismissal.   The third factor, risk of prejudice to Defendants, also weighs in favor of

19   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

20   in filing a pleading ordered by the court or prosecuting an action.  See Anderson v. Air

21   West, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth factor—public policy favoring

22   disposition of cases on their merits—is greatly outweighed by the factors in favor of

23   dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey

24   the court's order will result in dismissal satisfies the "consideration of alternatives"

25   requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779

26   F.2d at 1424.

27          The Court's order requiring Plaintiff to file another application to proceed *in forma*

28   *pauperis* or pay the full $400 filing fee within 60 days expressly stated: "If Plaintiff does

1    not file a fully complete application to proceed *in forma pauperis* with all three documents

2    or pay the full $400 filing fee for a civil action within 60 days of the date of this order, the

3    Court will dismiss the action."  (ECF No. 28 at 11).  Thus, Plaintiff had adequate warning

4    that dismissal would result from his noncompliance with the Court's order to file another

5    application to proceed *in forma pauperis* or pay the full $400 filing fee within 60 days.

6         IT IS THEREFORE ORDERED that this action is dismissed without prejudice

7    based on Plaintiff's failure to file another application to proceed *in forma pauperis* or pay

8    the full $400 filing fee in compliance with this Court's June 5, 2020, order.

9         IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter

10   judgment accordingly.

11        IT IS FURTHER ORDERED that any continuing orders or outstanding motions are

12   vacated without prejudice.

13        DATED:  September 3, 2020

14

15   _____
     RICHARD F. BOULWARE, II
16   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28